UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS LOFTIS ,

                    Plaintiff,

        v.

GLOVER, et al. ,

                    Defendant.

CASE NO. 2:26-cv-00404-JLR-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL, DKT. 9**

Plaintiff filed a *pro se* § 1983 complaint alleging Defendants Tukwila Police Sergeant Glover, Tukwila Police Department and King County District Attorney, violated his rights by failing to investigate a crime in which he alleges he was a victim.

Plaintiff now moves the Court to appoint counsel on the grounds that he has contacted 15-20 lawyers but has been unsuccessful in retaining counsel. There is no general right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

ORDER DENYING MOTION TO APPOINT
COUNSEL, DKT. 9 - 1

pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff has not shown there are extraordinary circumstances warranting the appointment of counsel. First, Plaintiff alleges Defendants violated his Fourteenth Amendment rights by not adequately investigating a criminal case. However, "an inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved, such as failure to protect against discrimination." *Sexual Sin De Un Abdul Blue v. City of Los Angeles*, No. CV 09–7573–PA (JEM), 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010). This is because absent a special relationship or special statutory duty, police officers have no affirmative duty to investigate crimes in a particular manner or to protect one citizen from another. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir.1994). Thus, a plaintiff does not have a constitutional right to have the police investigate his complaints against other parties. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 464–65 (1979) (per curiam) (noting the Constitution "does not impose any affirmative obligation on the government to listen [or] to respond" to grievances"). Thus, a plaintiff cannot state a § 1983 claim merely by alleging the failure to investigate their complaint absent evidence of some other violation. *See, e.g., Boldt v. Myer*s, 376 Fed. Appx. 800, 801 (9th Cir.2010); *Hason v. Beck*, No. CV 13–3274–SVW (JPR), 2013 WL 6732672, at *5 (C.D. Cal. Dec. 19, 2013).

ORDER DENYING MOTION TO APPOINT
COUNSEL, DKT. 9 - 2

Plaintiff's current complaint is thus deficient, and the likelihood of success is low. Plaintiff should thus file an amended complaint no later than March 30, 2026 or the case will be dismissed. If Plaintiff alleges Defendants violated other constitutional rights, he should set forth the specific facts that state a plausible ground for relief.

The Court also finds Plaintiff's claims are not factually or legally complicated and Plaintiff has thus far been able to articulate his claims without a lawyer. The Court accordingly **ORDERS:**

1.      Plaintiff's motion for appointment of counsel (Dkt. 9) is **DENIED.**

2.      Any amended complaint Plaintiff wishes to file must be filed by **March 30, 2026.** The failure to file a sufficient amended complaint will result in a recommendation this matter be dismissed.

2.      The amended complaint will serve as a complete replacement of the original complaint filed in this case. The amended complaint must thus be complete and name all Defendants that Plaintiff seeks to sue, the dates of any claim, the acts committed by each Defendant that support Plaintiff's claims. As the amended complaint completely replaces the original complaint, the Court will not consider the contents of the original complaint.

3.      The clerk shall provide Plaintiff a copy of this order and a standard § 1983 complaint form.

DATED this 18th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL, DKT. 9 - 3