UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS LOFTIS ,

Plaintiff,

v.

GLOVER, et al. ,

Defendant.

CASE NO. 2:26-cv-00404-JLR-BAT

**REPORT AND RECOMMENDATION**

While detained, Plaintiff filed a *pro se* § 1983 complaint alleging Defendants Tukwila Police Sergeant Glover, Tukwila Police Department and King County District Attorney, violated his rights by failing to investigate a crime in which he alleges he was a victim. The Court reviewed the complaints under 28 U.S.C. § 1915A(a) which requires the Court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

After review, the Court found Plaintiff's complaint was deficient and subject to dismissal. However, as Plaintiff proceeds without a lawyer, rather than immediately dismissing the case, the Court granted Plaintiff leave to file an amended complaint no later than **March 30, 2026.** The

REPORT AND RECOMMENDATION - 1

Court advised Plaintiff that if he failed to file a sufficient amended complaint by March 30, 2026, his case may be dismissed.

As Plaintiff has not filed an amended complaint, the Court recommends this matter be **DISMISSED** without prejudice.

On January 29, 2026, Plaintiff filed a complaint alleging in March 2023, Plaintiff was a victim of assault and home-invasion robbery. When City of Tukwila Police Officers arrived at Plaintiff's residence, Plaintiff claims they "made no attempt to investigate the crime." Five days later, Plaintiff alleges he went to the Tukwila Police Department Headquarters to "file a complaint about said crimes." A "Sargent Glover" took Plaintiff into an interview room and denied Plaintiff's request to "make a police report," and told Plaintiff to leave or he would be arrested. Plaintiff also alleges after he was robbed, Tukwila police came to his apartment and spoke with the apartment manager and that Plaintiff spoke "to police on the phone" but they "refused to take my report over the phone," and Plaintiff sent letters to the Tukwila Police but never received a response.

The complaint also alleges that over a year ago, Plaintiff sent a letter to the King County Prosecuting Attorney's Office "demanding acceptance of my police report and an investigation" into the lack of action but never received a response, and Plaintiff also contacted the Tukwila City ombudsman but also received no response. Plaintiff contends "an attorney from the prosecutor's office told him over the phone to keep trying to report the matter to the Tukwila Police Department.

Plaintiff claims Defendants have violated his Fourteenth Amendment rights and are also racist. He seeks 42 million dollars in damages. As to a Fourteenth Amendment due process claim, ordinarily "an inadequate investigation by police officers is not sufficient to state a § 1983

REPORT AND RECOMMENDATION - 2

claim unless another recognized constitutional right is involved, such as failure to protect against discrimination." *Sexual Sin De Un Abdul Blue v. City of Los Angeles*, No. CV 09–7573–PA (JEM), 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010). This is because absent a special relationship or special statutory duty, police officers have no affirmative duty to investigate crimes in a particular manner or to protect one citizen from another. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir.1994); *Doe v. Cnty. of San Mateo*, No. C 07–05596 SI, C 08–2541 SI, 2009 WL 735149, at *8 (N.D. Cal. Mar. 19, 2009). Thus, a plaintiff does not have a constitutional right to have the police investigate his complaints against other parties. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 464–65 (1979) (per curiam) (noting the Constitution "does not impose any affirmative obligation on the government to listen [or] to respond" to grievances"). Thus, a plaintiff cannot state a § 1983 claim by alleging the police failed to investigate their complaint absent evidence of some other violation. *See, e.g., Boldt v. Myers*, 376 Fed. Appx. 800, 801 (9th Cir.2010); *Hason v. Beck*, No. CV 13–3274–SVW (JPR), 2013 WL 6732672, at *5 (C.D. Cal. Dec. 19, 2013).

The Fourteenth Amendment equal protection analysis is slightly different. The Ninth Circuit recognizes a "constitutional right . . . to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons." *Sexual Sin De Un Abdul Blue*, 2010 WL 890172, at *6 (citing *Gomez v.*

REPORT AND RECOMMENDATION - 3

*Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam)); *see also Elliot–Park v. Manglona*, 592 F.3d 1003, 1007 (9th Cir.2010) (holding that discriminatory denial of investigative services may violate equal protection). To state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must allege defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001).

Here, in addition to claiming law enforcement violated his rights by failing to investigate a crime, Plaintiff also states Defendants violated his right through "a policy of racism and discrimination against Plaintiff." This is an insufficient conclusory allegation that lacks any facts stating a plausible ground for relief and is thus also subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Complaint providing "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" is deficient).

In short, Plaintiff's complaint fails to state a claim upon which relief may granted under the Fourteenth Amendment, and his conclusory statement about racism and discrimination is insufficient to support a claim for relief. Plaintiff was advised of the deficiencies in his complaint and given the opportunity to correct these deficiencies by filing an amended no later than March 30, 2026. As Plaintiff has failed to do so, the Court recommends the case be dismissed without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 4

Objections, however, may be filed and served upon all parties no later than **April 16, 2026.** The Clerk shall note the matter for **April 17, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 1st day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5